jms

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 03-40142-JAR |
| | ) |
| DAVID C. WITTIG and | ) |
| DOUGLAS T. LAKE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER GRANTING DEFENDANT LAKE'S MOTION
TO PRECLUDE GOVERNMENT'S USE OF RULE 902(11) PROCEDURE**

This matter comes before the Court on Defendant Douglas T. Lake's Motion to Preclude (Doc. 323) the government from offering business records into evidence using the certification procedure set forth in Rule 902(11) of the Federal Rules of Evidence. Defendant David C. Wittig has filed a Motion to Join (Doc. 326) in Lake's preclusion motion. The motion is fully briefed and the Court is prepared to rule. For the reasons set forth below, the motion is granted.

In his motion, Lake does not contend that the statements contained in business records offered by the government themselves implicate his right to confrontation and cross-examination. Instead, Lake argues that the government's use of certifications to admit evidence in lieu of live testimony pursuant to Rule 902(11) runs afoul of his right to cross-examine witnesses and violates the Sixth Amendment. In support of this argument, Lake relies on *Crawford v. Washington*,[1] a recent Supreme Court case that

---

[1] 541 U.S. 36 (2004).

"marks a fundamental shift in the Supreme Court's Confrontation Clause jurisprudence."[2]  Alternatively, Lake argues that if the Rule 902(11) procedure is constitutional, the government's use of certifications in his first trial exceeded the scope of permissible testimony.  The Court addresses each argument in turn.

**Constitutionality of Rule 902(11) Procedure in the Wake of *Crawford v. Washington***

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."[3]  Under *Ohio v. Roberts*,[4] the prevailing Confrontation Clause case prior to the *Crawford* decision, the Supreme Court held that the admission of extrajudicial statements against a defendant did not violate the Confrontation Clause if the declarant was unavailable and the statement fell under a firmly rooted hearsay exception or otherwise bore particular guarantees of trustworthiness.[5]  The *Crawford* decision "'changed the legal landscape for determining whether the admission of certain hearsay statements violates the accused's right to confront witnesses.'"[6]

In *Crawford*, the Court drew distinctions between testimonial and nontestimonial testimony.  It held:

> Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law - as does

---

[2] *United States v. Solomon*, 399 F.3d 1231, 1237 n.2 (10th Cir. 2005).

[3] U.S. Const. amend. VI.

[4] 448 U.S. 56 (1980).

[5] *Id.* at 66.

[6] *Horton v. Allen*, 370 F.3d 75, 83 (1st Cir. 2004).

*Roberts*, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.[7]

The Supreme Court defined "testimony" as typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact,"[8] but left "for another day any effort to spell out a comprehensive definition of 'testimonial.'"[9] It did, however, provide three formulations of the core class of testimonial statements: (1) "ex parte in-court testimony or its functional equivalent--that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine or similar pretrial statements that declarants would reasonably expect to be used prosecutorially;" (2) "extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions;" and (3) statements "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."[10] The Court noted, that "[w]hatever else the term [testimonial] covers, it applies . . . to prior testimony at a preliminary hearing, before a grand jury, or at a former trial, and to police interrogations. These are the modern abuses at which the Confrontation Clause was directed."[11]

The question of whether Rule 902(11) certifications are testimonial has not been addressed by

---

[7]*Crawford*, 541 U.S. at 68.

[8]*Id.* at 51 (quoting 1 N. Webster, An American Dictionary of the English Language (1828)).

[9]*Id.* at 68.

[10]*Id.* at 51-52.

[11]*Id.* at 68.

the federal courts. This Court believes that witness affidavits in the form of Rule 902(11) certifications fit within the Supreme Court's definition of testimonial statements. Rule 902(11) provides in part that:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> (11) The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record--
>
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> (B) was kept in the course of the regularly conducted activity; and
>
> (C) was made by the regularly conducted activity as a regular practice.[12]

The statements within a certification contemplated by Rule 902(11) are testimonial statements because they contain "solemn declaration or affirmations made for the purpose of establishing or proving some fact," namely that the proper foundation for the admission of the business record exists.[13] They are the functional equivalent of ex parte in-court testimony that defendants cannot cross-examine.[14] Indeed, the Rule 902(11) procedure itself takes the place of live, sworn testimony of a witness.[15] Moreover, the Rule 902 (11) declarants know that they are providing foundational testimony for business records to the government, and thus, must reasonably expect that their certifications will be used prosecutorially.[16] Therefore, the Court concludes that the Rule 902(11) procedure violates defendants'

---

[12] Fed. R. Evid. 902(11).

[13] *See Crawford*, 541 U.S. at 51.

[14] *See id.*

[15] *See* Fed. R. Evid. 803(6) (1999) (requiring testimony from custodial witness).

[16] *See Crawford*, 541 U.S. at 51.

right to confrontation.

The government additionally asserts that even if Rule 902(11) certifications are inadmissible hearsay at trial, the Court is not precluded from considering these certifications in making preliminary determinations regarding the admissibility of the underlying business records under Rule 104(a). However, as Lake point out, if Rule 104(a), which has remained substantially unchanged since its enactment in 1975, currently allows courts to consider Rule 902(11) affidavits in ascertaining whether documents are business records, then Rule 104(a) always would have allowed the Court to base admissibility determinations on affidavits rather than live testimony. But, prior to the enactment of Rule 902(11), courts required live testimony in open court subject to cross-examination, rather than affidavits.[17] Thus, the government's argument is not persuasive.

Nor is the Court persuaded by the Government's attempt to analogize the Rule 902(11) procedure to the treatment of expert witnesses under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[18] Pursuant to *Daubert*, the Court makes a preliminary admissibility determination and then the witness later takes the stand and is subject to cross-examination. A business records custodian certifying, for instance, that the record was made in the regular course of business, is never subject to cross-examination. Thus, this analogy is inapposite.

**Government's Use of Certifications in the First Trial**

Lake also argues that the government included impermissible information in its Rule 902(11)

---

[17]*See* Fed. R. Evid. 803(6) (1999).

[18]509 U.S. 579 (1993).

5

certifications during the first trial.  In light of the Court's conclusion that the Rule 902(11) procedure may not be utilized at defendants' upcoming trial, the Court need not address Lake's suggestion that the Court instruct the government to limit the information contained in the 902(11) certifications.

**Procedure for Defendants' Upcoming Trial**

The Court cautions the defendants that although the government will be required to admit documents through live witnesses, rather than by use of the Rule 902(11) procedure, the Rules of Evidence shall be enforced in defendants' upcoming trial.  Particularly, the Court reminds the defendants of Fed. R. Evid. 611(b), which states in relevant part: "Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness."[19] This rule will be strictly enforced, and only cross examination on the matters testified will be allowed.  Cross examination on "matters affecting the credibility of the witness," means matters affecting the credibility of the witness in their capacity as a custodian of records, not their credibility on other matters that they have not testified to on direct examination.  Violations of this well-known edict will result in appropriate sanctions to deter such misconduct.  All counsel should consider this admonition a part of the Court's Trial Procedures Order (Doc. 345), which sets forth the ethical obligations of attorneys and rules of conduct that will govern the upcoming trial.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Lake's Motion to Preclude Government's Use of Rule 902(11) Procedure (Doc. 323) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Wittig's Motion to Join Defendant Lake's

---

[19]Fed. R. Evid. 611(b).

Motion to Preclude Government's Use of Rule 902(11) Procedure (Doc. 326) is GRANTED.

IT IS SO ORDERED.

Dated this 23rd day of May 2005.

                                    S/ Julie A. Robinson

                                    Julie A. Robinson

                                    United States District Court