lml

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                            )<br>                        Plaintiff,         )<br>            vs.                                         )     Case No.  03-40142-JAR<br>                                                            )<br>                                                            )<br>DAVID C. WITTIG, and                    )<br>DOUGLAS T. LAKE                         )<br>                        Defendants.     )<br>_____)  | |

**<u>MEMORANDUM AND ORDER GRANTING GOVERNMENT'S  MOTION TO REINSTATE RESTRAINING ORDER</u>**

This matter is before the Court on the government's Motion to Reinstate Restraining Order (Doc. 284) and defendants' responses in opposition (Docs. 286 and 287).  The Court heard argument on January 4, 2005, and took the matter under advisement.  After reviewing the parties' arguments and submissions, the Court is now prepared to rule.  For the reasons stated below, the April 5, 2004 restraining order, as modified on June 30, 2004, is reinstated.

*Background*

The matter of advanced legal fees in this criminal proceeding has been the subject of numerous motions, briefings, hearings, orders and appeals in this case, and has been exhaustively analyzed and addressed in the Court's orders of June 30, 2004 and August 13, 2004 (Docs. 110 and 154).  The Court shall not reiterate its summary of the evidence and legal analysis in those orders, but shall incorporate them herein and rely upon them by reference, in ruling on the instant motion.  Highly

summarized, on June 30, 2004, this Court entered an order modifying the April 5, 2004 restraining order to remove restrictions on Westar's payments to defendants, instead enjoining defendants from transferring any such payments, including payments in the form of advanced legal fees (Doc. 110). Any payments by Westar were ordered to be placed by defendants in an escrow account.

On August 10, the Court held a *Jones*[1] hearing after finding that defendant Lake had satisfied the requisite showing of need and error. Because defendant Lake made the requisite preliminary showing, the government was required to establish probable cause to believe the restrained assets are in fact traceable to or derived from the underlying offense. The government offered argument, but no evidence at this hearing, and the Court ultimately entered an order modifying the restraining order to exclude the advancement of legal fees by Westar to defendant Lake in this criminal case. Although defendant Wittig had not met the requisite showing of need, the Court extended its ruling to him as well. The remaining provisions of the restraining order remained in force and effect.

The case proceeded to trial on October 12, 2004. At the conclusion of the evidence, the Court denied defendants' motion to dismiss Count 40 of the Superseding Indictment, the forfeiture count, and ruled that the question of whether the attorney fees paid by Westar in this criminal proceeding were subject to forfeiture was a question for the jury, should it convict on the underlying charges.[2] On December 20, 2004, the Court declared a mistrial after the jury was unable to reach a verdict. The government moved to reinstate the restraining order as to legal fees to be advanced in the

---

[1] *United States v. Jones*, 160 F.3d 641 (10th Cir. 1998).

[2] Defendants opted to have the jury, rather than the Court, determine whether the property in question is subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (a)(4).

criminal case, arguing that the evidence at trial demonstrated that the Grand Jury did not err in finding that the restrained assets are proceeds or derived from traceable proceeds, of the charged offenses. At the January 4, 2005, hearing, the government raised the new issue of whether *Jones* requires an additional factor of reasonableness of attorney fees.

*Analysis*

In Count 40 of the Superseding Indictment, the government seeks forfeiture of an extensive list of property, including defendants' right to advanced payment of legal fees in this criminal proceeding by their former employer, Westar, as mandated by the company's Articles of Incorporation. The government seeks forfeiture of the attorney fees under the theory that the subject property is involved in or derived from a "specified unlawful activity," namely a scheme and conspiracy to commit money laundering and wire fraud. The Court has previously ruled, at the conference on the forfeiture jury instructions, that the proper standard under 18 U.S.C. § 981(a)(1)(C), the civil forfeiture statute, is property "that constitutes or is derived from proceeds traceable to" an offense constituting "specified unlawful activity." The government is entitled to forfeiture of property if a nexus is established between the property being restrained and the criminal activity alleged.[3]

The standard for judging the government's showing at this stage of the proceedings is probable cause, which is defined as "a reasonable belief . . . supported by less than prima facie proof but more than mere suspicion."[4] The probable cause determination in forfeiture cases looks to all the

---

[3]*See United States v. Bornfield*, 145 F.3d 1123, 1137-38 (10th Cir. 1998), *cert. denied*, 528 U.S. 1139 (2000).

[4]*United States v. Melrose East Subdivision*, 357 F.3d 493, 505 (5th Cir. 2004) (quotation omitted).

3

circumstances and "must be judged . . . with a common sense view to the realities of normal life."[5]

At the *Jones* hearing in August 2004, the government argued that the alleged scheme to deprive Westar of its assets began the day defendant Wittig joined Westar in 1995 and morphed into a conspiracy the day defendant Lake joined Westar in 1998. The government argued that defendants could not vest in the right to advancement of attorneys fees until they "came on board with the proper intent," and the inferences to be drawn from the facts in the indictment are that it was defendants' intent to loot Westar from the time of their employment. According to the government, this constitutes fraud *ab initio*, and because defendants Wittig and Lake fraudulently assumed their employment with Westar, they should forfeit every benefit obtained from the operation of the alleged scheme and conspiracy to loot Westar of its assets. At that time, the government chose not present any evidence in support of its theory that defendant Lake's right to advancement of legal fees is derived from the scheme or conspiracy to commit the underlying charges, apparently to avoid revealing its strategy or evidence in advance of trial. Consequently, the Court found that the government had not satisfied its burden with respect to the advancement of legal fees, and lifted the restraining order.

As the government notes in its motion, this matter currently stands on substantially different ground than at the time of the *Jones* hearing. An eight-week trial has transpired, with testimony and evidence with respect to the government's charge that defendants' right to advancement of legal fees in the criminal proceedings is derived from the alleged scheme or conspiracy between the defendants in this case. This evidence includes defendant Lake's testimony that he went on the Board of Guardian in

---

[5]*Id*. (quotation omitted).

1996 at the request of defendant Wittig as the representative of Westar, two years prior to his employment with the company. Further, upon joining Westar, defendant Lake oversaw the unregulated assets to be spun-off into an unregulated company. Such evidence supports the government's theory that defendant Lake fraudulently assumed his employment with Westar, and that he joined the company in collaboration with defendant Wittig to "bust out" an unregulated corporation with significant assets and no debt, triggering defendants' change in control agreements. The Court finds that this evidence is sufficient to establish probable cause to believe the restrained assets constitute or are derived from proceeds traceable to the underlying offense.

With respect to defendant Wittig, there was evidence at trial that some of the components of the alleged scheme began upon his employment, including his relocation and signing bonus provisions, which would have been negotiated as part of his employment. The Court finds this evidence also supports the government's theory that defendant Wittig fraudulently assumed his employment with Westar. As the government argues, defendant Wittig's pre-exiting right to fees is analogous to other benefits he became entitled to *upon employment*; if defendant Wittig accepted employment with Westar with criminal intent, the benefit is potentially forfeitable. Although not as strong as the evidence regarding defendant Lake, the Court finds it is sufficient to establish probable cause in the context of *Jones* and pre-trial restraint of forfeitable assets. Moreover, the Court notes that such a finding is not required, given the fact that unlike defendant Lake, defendant Wittig did not make the requisite showing of need, and thus was not entitled to a *Jones* hearing in the first instance.

Finally, the Court addresses the government's argument that in addition to the threshold factors of need and error set forth in *Jones*, defendants must show that the legal and living expenses are

reasonable. The government cites in support of its argument the last paragraph of *Jones*, which reads:

> For the reasons set forth above, we conclude that due process requires a district court to conduct a post-restraint, pre-trial hearing before continuing to freeze assets if a defendant needs the assets for reasonable legal and living expenses and makes a prima facie showing that the grand jury erred in determining the assets are traceable to the underlying offense.[6]

While the Tenth Circuit's concluding paragraph does contain the phrase "reasonable legal and living expenses," no where in the substance of the opinion does the court use the adjective "reasonable" when discussing the required showing a defendant must make before he will be granted a hearing. Instead, the court clearly states that "as a preliminary matter, a defendant must demonstrate to the court's satisfaction that she has no assets, other than those restrained, with which to retain private counsel and provide for herself and her family."[7] It appears to the Court that, to the extent reasonableness of legal fees is a factor to be considered, it is in the context of whether a defendant has established need, not as an independent third factor. Moreover, in this case the government seeks to restrain an asset in the form of attorney fees advanced by a third party, Westar, which is contractually entitled to dispute the reasonableness of defendants' fees in the civil arbitration matter. In any event, the Court declines to decide this issue because it has ruled that the government has made a showing of probable cause.

Thus, the Court will grant the government's motion to reinstate the April 5, 2004, restraining order, as modified June 30, 2004. As the Court made clear in the June 30, 2004 order, its intent is to

---

[6] *Jones*, 160 F.3d at 649.

[7] *Id*. at 647 (citation omitted).

preserve the status quo and the assets for potential forfeiture, and that any payments of advanced legal fees to defendants in this criminal proceeding by Westar, are to be placed by defendants in an escrow account; defendants are enjoined from transferring any such payments.  It is not the Court's intention that Westar use the restraining order as a means to avoid any contractual obligation to defendants.  The Court continues to stress, however, that it does not have jurisdiction to compel Westar to pay any such legal fees; that matter is left to defendants, Westar and the arbitration panel.

**IT IS THEREFORE ORDERED BY THE COURT** that the government's motion to reinstate restraining order (Doc. 284) is GRANTED as set forth above.

IT IS SO ORDERED.

Dated this  23rd  day of May 2005.

                                   S/ Julie A. Robinson
                                   Julie A. Robinson
                                   United States District Judge