jms

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-40142-01/02-JAR |
| ) | |
| DAVID C. WITTIG and ) | |
| DOUGLAS T. LAKE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM ORDER AND OPINION DENYING JOINT MOTION FOR EVIDENTIARY HEARING**

This matter comes before the Court on defendant David C. Wittig and Douglas T. Lake's Joint Motion for Evidentiary Hearing (Doc. 481). Defendants seek an evidentiary hearing to explore the discovery violation acknowledged by the government on June 30, 2005. Defendant had also filed a Joint Renewed Request for Evidentiary Hearing (Doc. 490). The Court has considered the parties' pleadings and is prepared to rule. For the reasons stated below, the motions are denied.

*Background*

On June 30, 2005, government counsel informed the Court and defendants during a lunch-time trial recess that it had recently discovered 261 pages of Jencks Act[1] and *Giglio*[2] material related to government witness James Zakoura, which the government had failed to earlier disclose. This material

---

[1] 18 U.S.C. § 3500.

[2] *Giglio v. United States*, 405 U.S. 150 (1972).

included handwritten notes of Zakoura, certain documents containing Zakoura's notations, and other documents. Following the lunch recess, the Court met with defendants and the government outside the presence of the jury. The Court suggested that the trial recess for five days and resume on July 6, 2005 to allow defendants time to review this newly produced material. All parties agreed to the Court's proposed five-day continuance.

Over the five-day recess, defendants filed two motions related to the government's admitted discovery violation: a Joint Motion to Compel Production of *Giglio* Materials (Doc. 482) and the instant Motion for Evidentiary Hearing (Doc. 481). In addition, defendants served a subpoena upon James Zakoura seeking "all handwritten notes, documents, memos, emails, correspondence, writings and/or other material communicated between yourself and/or your firm and any government agents . . . ." The government responded by filing a Motion to Quash Subpoena Issued by Defense to Mr. James Zakoura (Doc. 483).

The Court held a hearing outside the presence of the jury on July 6, 2005 concerning the motions referenced above. The Court first inquired of the government regarding its reasons for failing to disclose the Jencks Act and *Giglio* material. The government indicated that the failure to disclose these documents was a "mistake." Defendant Wittig questioned whether the government's failure to disclose was truly a mistake and orally moved to strike Zakoura's testimony. The Court then noted that the government's discovery violation was serious, because the material, which was primarily *Giglio* material, demonstrated that Zakoura was involved in the investigation of this case and even provided coaching to the government. However, the Court noted that defendants had been provided with a five-day recess to review the material and prepare for re-cross examination. To cure any prejudice caused

by the government's untimely disclosure, the Court ruled that defendants could examine Zakoura, who was still on the stand, concerning any newly discovered documents. The Court denied defendants" oral motion to strike Zakoura's testimony and took under advisement the issue of the government's bad faith, ruling that an evidentiary hearing was unnecessary at that time.

The Court similarly denied defendants' Motion to Compel *Giglio* Materials. From its review of the material disclosed by the government, the Court concluded that the government's most recent disclosure indicated that it had actually over-disclosed material. Much of the material provided to defendants was neither Jencks Act nor even *Giglio* material, but rather documents that had already been disclosed to defendants, or irrelevant, undiscoverable documents.

Finally, the Court granted the government's Motion to Quash the Subpoena served on Zakoura. The Court noted that the government indicated that it had disclosed all *Brady*,[3] Jencks Act, and *Giglio* material to defendants. Noting that the subpoena sought material well beyond the scope of discoverable material, the Court likened the subpoena to a "fishing expedition." Accordingly, the Court granted the motion to quash.

Defendants subsequently renewed their request for an evidentiary hearing. In the motion, defendants aver that a hearing is necessary to develop the level of culpability to be assigned to the government for its violation of established disclosure requirements. Defendants note that the government's potential bad faith is pertinent to the appropriate corrective relief to be implemented by the Court.

---

[3]*Brady v. Maryland*, 373 U.S. 83 (1963).

*Discussion*

District courts have broad discretion to sanction a party who violates discovery orders.[4] A district court's decision to impose sanctions, and the court's choice of sanction, is subject to an abuse of discretion standard.[5] "In selecting a proper sanction, the court should consider (1) the reasons the government delayed producing requested materials, including whether the government acted in bad faith; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of curing any prejudice with a continuance."[6] In the absence of a finding of bad faith, the court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order.[7] The preferred sanction is a continuance.[8] "It would be a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings."[9]

Considering the first factor relevant to the imposition of sanctions, the government's reasons for the delayed production of material, the Court notes that the government admits that its failure to timely disclose Zakoura's notes was a mistake. The government informed the Court and defendants as soon as it discovered its failure to comply with discovery rules. Although the Court regards this violation as serious and the government's actions in failing to disclose these documents as reckless, there is no

---

[4] *United States v. Gonzales*, 164 F.3d 1285, 1291 (10th Cir. 1999).

[5] *Id.*

[6] *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002) (internal quotation and citation omitted).

[7] *Id.*

[8] *Id.*

[9] *Id.*

evidence of bad faith. This is particularly so considering that this is a document-laden case and that many of the documents provided to defendants were not even properly discoverable material. Indeed, as this Court has already noted, much of this material was neither *Brady*, Jencks Act, nor *Giglio* material. The Court therefore declines defendants' invitation to conduct an evidentiary hearing concerning any possible bad faith on the part of the government. Government counsel is an officer of the Court and statements made in the courtroom are akin to statements made under oath from the witness stand.[10] Thus, no purpose would be served by formally placing government counsel on the stand to further inquire of him.

The second factor relevant to the sanctions issue is the extent of prejudice to the defendant as a result of the delay. To support a finding of prejudice, the court must determine that the delay impacted the defendants' ability to prepare or present their case.[11] The Court concludes that any prejudice suffered by defendants was appropriately cured by a five-day trial recess. Notably, the belatedly disclosed material that is properly discoverable consists almost entirely of *Giglio* material. A five-day continuance is more than an adequate time period to formulate cross-examination questions based on this impeachment material. Thus, the government's delay did not impact defendants' ability to prepare or present their case.

Lastly, the Court must consider the feasibility of curing any prejudice with a continuance. In this case, it is obvious that a continuance was feasible. The Court did, in fact, grant a five-day trial hiatus to

---

[10]*E.g., Kost v. United Parcel Service, Inc*., 926 F. Supp. 1022, 1024 (D. Kan. 1996) (noting the "the strong presumption of truthfulness and accuracy the court is willing to extend to . . . a licensed officer of this court").

[11]*Golyansky*, 291 F.3d at 1250.

allow defendants' adequate time to review Zakoura's handwritten notes and prepare for his cross examination.

In sum, the Court finds that the government has already been appropriately sanctioned for its discovery violation by the Court's granting of a five-day trial continuance. No additional sanction, such as striking of testimony, is warranted given the trial recess. Moreover, the Court declines to hold an evidentiary hearing to further inquire into the government's reasons for its failure to disclose. Defendants Joint Motion for Evidentiary Hearing and Joint Renewed Request for Evidentiary Hearing are accordingly denied.

IT IS THEREFORE ORDERED BY THE COURT that defendants' Joint Motion for Evidentiary Hearing (Doc. 481) and Joint Renewed Request for Evidentiary Hearing (Doc. 490) are DENIED.

IT IS SO ORDERED.

Dated this  9th  day of August 2005.

      S/ Julie A. Robinson
Julie A. Robinson
United States District Judge