jms

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-40142-JAR |
| ) | |
| DAVID C. WITTIG and ) | |
| DOUGLAS T. LAKE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM ORDER AND OPINION DENYING MOTION TO STRIKE**

This matter comes before the Court on defendant David C. Wittig's Renewed Motion to Strike Testimony of Summary Witness James Zakoura (Doc. 495).[1] On August 17, 2005, defendant Lake orally moved to join Wittig's motion. The Court has considered defendants' motion and is prepared to rule. For the reasons stated below, the motion is denied.

Defendant argues that Zakoura's testimony was an impermissible overview of the case, based upon decisions of the First, Second and Fifth Circuits. Defendant relies heavily upon *United States v. Garcia*.[2] In *Garcia*, the Second Circuit criticized the practice of calling a case agent to testify as to a defendant's culpability before any evidence had been admitted.[3] The Court held that "it is generally

---

[1] Although captioned a Renewed Motion to Strike Testimony of Summary Witness James Zakoura, this is the first motion seeking to strike Zakoura's testimony on the basis that he impermissibly testified as a summary witness. Defendants earlier sought to strike Zakoura's testimony as a sanction due to the government's admitted discovery violation. The Court issued a written order denying that motion (Doc. 496).

[2] 413 F.3d 201 (2d Cir. 2005).

[3] *Id.* at 214.

viewed as improper . . . for a party to open its case with an overview witness who summarizes evidence that has not yet been presented to the jury."[4]  The Second and Fifth Circuits have similarly noted that the practice of calling an overview witness is particularly problematic in criminal cases because it allows "the government to paint a picture of guilt before the [supporting] evidence has been introduced."[5]

This case is clearly distinguishable from the decisions of the First, Second and Fifth Circuits.  At the outset, the Court notes that, unlike the testimony in the cases defendants' reference, Zakoura's testimony was not based on exhibits not yet admitted.  Rather, the exhibits Zakoura testified to were admitted contemporaneously with his testimony.  These exhibits were admitted largely pursuant to Fed. R. Evid. 801(d)(2) as admissions of a party opponent.  Other exhibits were authenticated by prior testimony of defendant Lake.  Nor did Zakoura summarize the exhibits.  Thus, Zakoura's testimony does not present the same concerns the First, Second, and Fifth Circuits encountered.

More importantly, Zakoura was not called as an overview or summary witness.[6]  Rather, he was properly called as a lay witness pursuant to Fed. R. Evid. 701.  "Pursuant to the rule, a witness who is not an expert may offer opinion testimony only when it is: (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope

---

[4]*Id.* at 214.

[5]*United States v. Griffin*, 324 F.3d 330, 349 (5th Cir. 2003); *United States v. Casas*, 356 F.3d 104, 119 (1st Cir. 2004).

[6]Notably defendants did not request a cautionary instruction that Zakoura was a summary or overview witness.  Defendants did, however, request the Court give a cautionary instruction that another witness, John Meara, was a summary witness.  The Court so advised the jury.

of Rule 702."[7]  As discussed in turn, Zakoura's testimony meets each prong of Rule 701.

## A.  Personal Perception

Rule 701's perception requirement stems from Fed. R. Evid. 602,[8] which provides that: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."[9]  In other words, Rule 602 "requires a lay witness to have personal knowledge of the events he is testifying about so as to present only the most accurate information to the finder of fact."[10]

In this case, Zakoura permissibly testified as a percipient fact witness.  During his direct examination, Zakoura outlined how he became familiar with Westar Energy (Westar).  Zakoura testified that in his capacity as an attorney, he represented industrial rate-payers in proceedings before the Kansas Corporation Commission (KCC) against Westar.  As part of this litigation, Zakoura gained access to a variety of Westar documents by serving the company with data requests.  As Zakoura received these documents, he reviewed them in an attempt to discover the happenings at Westar.  Zakoura testified to the contents of these documents and the KCC proceedings based upon his personal knowledge.  Thus, Zakoura's testimony satisfies the first prong of Rule 701.

## B.  Helpfulness

Zakoura's testimony was similarly helpful to the determination of a fact in issue.  He testified

---

[7]*United States v. Bush*, 405 F.3d 909, 915 (10th Cir. 2005) (citing Fed. R. Evid. 701).

[8]*Id.* at 916.

[9]Fed. R. Evid. 602.

[10]*Bush*, 405 F.3d at 916.

primarily about the KCC proceedings. It was the KCC proceedings that halted Wittig and Lake's attempt to spin off the unregulated assets into a new company. This attempted spin off is charged as an overt act in the Indictment. Consequently, it can hardly be argued that testimony about these proceedings is not helpful to the jury.

Moreover, Zakoura testified about publicly available information concerning the activities of Westar and its top executives, namely activities surrounding defendants' compensation. The Indictment charges that Wittig and Lake failed to publicly disclose the amount of their compensation. The evidence presented in the case similarly demonstrated that defendants took steps to conceal their compensation. Thus, Zakoura's testimony regarding the publicly available information concerning defendants' compensation was helpful to the determination of a fact in issue.

## C. Not Based on Scientific, Technical or Specialized Knowledge

Finally, the Court concludes that the third prong of Rule 701 is satisfied. Zakoura admittedly possessed a great deal of knowledge about Westar and the defendants' activities while employed by Westar. However, this fact does not transform Zakoura into an expert. That his testimony was not based on scientific, technical or specialized knowledge evidences Zakoura's status as a lay, rather than an expert witness. Indeed, his testimony was based on personal knowledge gained from participation in the KCC proceedings. Zakoura was also permitted to testify to the content of already admitted documents. Neither of these categories of testimony qualifies as expert testimony. Nor is it possible that the jury mistakenly thought Zakoura was testifying as an expert. The Court repeatedly cautioned the jury that Zakoura was testifying only as a fact witness and not as an expert. Thus, the Court concludes that the third prong of Rule 701 is satisfied.

Because Zakoura testified as a percipient fact witness, rather than as an overview or summary witness, defendants' motion to strike Zakoura's testimony is denied.

IT IS THEREFORE ORDERED BY THE COURT that Defendant David C. Wittig's Renewed Motion to Strike Testimony of Summary Witness James Zakoura (Doc. 495) is DENIED.

IT IS SO ORDERED.

Dated this 19th day of August 2005.

                                              S/ Julie A. Robinson
                                             Julie A. Robinson
                                             United States District Court