# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DAVID C. WITTIG and ) <br> DOUGLAS T. LAKE, ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> WESTAR ENERGY, INC., ) <br> ) <br> Petitioner. ) <br> _____ ) <br> ) <br> BETH G. WITTIG, ) <br> ) <br> Petitioner. ) | Case No. 5:03-CR-40142-JAR |

## CORRECTED FINAL ORDER OF FORFEITURE AS TO DAVID C. WITTIG

This matter comes before the Court on the Petition of Westar Energy, Inc. For a Determination of Rights to Property Identified in this Court's "Preliminary Order of Forfeiture as to David C. Wittig", filed February 2, 2006, and related pleadings (collectively referred to hereinafter as "Westar's Pleadings"), and "Beth G. Wittig's Petition for An Ancillary Proceeding by Beth Wittig as to David C Wittig", filed February 2, 2006, and related pleadings (collectively referred to hereinafter as "Beth Wittig's Pleadings").

Westar's Pleadings assert its interest in forfeited property identified in the Preliminary Order of Forfeiture as to Defendant David C Wittig filed January 2, 2006, and an interest in any substitute assets. Beth Wittig's Pleadings assert her interest in forfeited property identified in the Preliminary Order of Forfeiture as to Defendant David C Wittig, filed January 2, 2006, and

her interest in "Substitute Assets" identified in the Court's Order Modifying Restraining Orders and Preliminary Orders of Forfeiture, filed February 7, 2006.

The Preliminary Order of Forfeiture as to David C. Wittig (hereinafter "Preliminary Order of Forfeiture") found, in accordance with the jury's verdicts as to Defendant Wittig on Counts 1 and 16-22, that any right title or interest Defendant Wittig may have or claim to have in the following property was subject to forfeiture:

    Item 1:    the split dollar life insurance policy, imputed income and payout in the amount of $28,033,928.00.

    Item 2:    long term incentive in the amount of $0.

    Item 3:    bonuses in the amount of $5,370,000.00.

    Item 4:    Guardian restricted stock unit dividends in the amount of $294,560.00.

    Item 5:    $4,013,719.40 of the real estate known as the Landon Mansion, located at 521 Westchester Road, Topeka, Kansas 66604 (hereinafter "Landon Mansion").

    Item 6:    $17,460.00 of the 2001 Ferrari, 500 Maranello, VIN ZFFZS49A010122784.

    Item 7:    unpaid Westar Stock units for compensation in the amount of 6853.84 units, plus Westar Dividends in the amount of $12.73.

    Item 8:    unpaid Redeemed Guardian Series C Stock units in the amount of $3,139,000.00.

    Item 9:    unpaid Guardian Series D in the amount of 1,345 stock units and unpaid Guardian Series E in the amount of 4,391 stock units.

Item 10:   unpaid Guardian Cash Dividends (Series C and E) in the amount of $1,234,677.89.

Item 11:   unpaid benefits claimed by the defendant as a result of a Qualified Termination.

Item 12:   restricted share units outstanding (not vested) of Guardian Series D in the amount of 5,894 shares.

Item 13:   restricted share units outstanding (not vested) of Guardian Series E in the amount of 443 shares.

Item 14:   any arbitration award granted to Wittig and Lake, jointly or individually, arising out of their employment at Westar and any subsidiary or affiliate company.

(Preliminary Order of Forfeiture at 1-3.) (These items are collectively referred to hereinafter as the "Property.")

The Court's Order Modifying Restraining Orders and Preliminary Orders of Forfeiture, dated February 7, 2006, amended the preliminary order of forfeiture to include the following substitute assets pursuant to 21 U.S.C. § 853(p)(1):

- proceeds of the sale of the couple's New York condominium amounting to more than $8 million into David Wittig's Smith Barney account 183-09995-10-333 and Beth Wittig's Smith Barney account 183-10015-14-333;

- Credit Suisse/First Boston account number 215-988395;

- proceeds in the account of David and Beth Wittig at Silver Lake Bank, account number 579-327, and Beth Wittig's individual account number

579319;

- proceeds in the joint account of David and Beth Wittig number 0002406522 at Capital City Bank;

- proceeds in a David and Beth Wittig account number 11-1214369-6 at Scudder, and an individual account of Beth Wittig 11-125288393-5;

- a Deltec Asset Account no. 5B2-302561 in the name of Beth Wittig;

- a J.P. Morgan account (number unknown);

- a Beth Wittig account number 546-39886 at Merrill Lynch;

- a Rydex account of Beth Wittig number 1003007440 at Rydex;

- QuVis stock;

- QuVis $500,000 secured note;

- QuVis Factoring Pool;

- Fox Run and WACO partnership shares;

- KMF Partners account number 2796 in the name of Beth Wittig;

- Carnival Films LLC interest in the name of Beth Wittig;

- Sage Capital Funds LLC interest in the name of Beth Wittig;

- Para Partners fund in the name of Beth Wittig;

- any previously undisclosed accounts, whether saving, investment or financial of any kind, in the name of David C. or Beth G. Wittig jointly or individually;

- any and all personal property held by the Wittigs directly or indirectly in storage.

On March 7, 2006, the United States and Westar Energy, Inc. filed a Joint Motion for Entry of Final Order of Forfeiture as to David C. Wittig ("hereinafter "Joint Motion") indicating that they had reached an agreement on the disposition of certain of the Property identified in the Preliminary Order of Forfeiture.

On March 8, 2006, the United States and Beth G. Wittig announced during court proceedings that they had reached an agreement on the disposition of Property identified in the Preliminary Order of Forfeiture and all Substitute Assets identified in the Court's Order Modifying Restraining Orders and Preliminary Orders of Forfeiture. A Settlement Agreement between the United States and Beth G. Wittig has been provided to the Court, which has reviewed its terms.

On March 8, 2006, the Court heard argument regarding whether the jury's forfeiture of "any arbitration award" included $857,496.06 that Westar transferred based on an interim order of the arbitration panel awarding David Wittig reimbursement of attorneys fees and expenses incurred in the arbitration, which was placed in an escrow account held by DLA Piper Rudnick Gray Cary LLP.

The Court, having considered the agreements between the Parties and the arguments as to contested issues, enters the following Final Order of Forfeiture as to David C. Wittig.

IT IS HEREBY ORDERED AND ADJUDGED THAT, based on the agreement of the United States and Westar Energy, Inc. that Westar Energy, Inc. has title to Items 2 and 7-14 of the Property superior to any interest the United States obtained through forfeiture of any interest Defendant David C. Wittig had in Items 2 and 7-14 of the Property, and based on the agreement between the United States and Beth G. Wittig that Beth G. Wittig waives any and all right, claim

title and interest in Items 2 and 7-14, any legal interest the United States obtained in Items 2 and 7-14 of the Property is transferred and released to Westar Energy, Inc.

IT IS HEREBY ORDERED AND ADJUDGED THAT, the value of the long term incentive in Item 2 is $52,086.42.

IT IS HEREBY ORDERED AND ADJUDGED THAT the jury's forfeiture of "any arbitration award" **did not include** the $857,496.06 that Westar transferred based on an interim order of the arbitration panel awarding David Wittig reimbursement of attorneys fees and expenses incurred in the arbitration, which was placed in an escrow account held by DLA Piper Rudnick Gray Cary LLP.

IT IS HEREBY ORDERED AND ADJUDGED THAT, based on the agreement in the Joint Motion that Westar Energy, Inc. has title to the Split-Dollar Insurance Policy portion of Item 1 (excluding the Payout and Imputed Income) of the Property superior to any interest the United States obtained through forfeiture of any interest Defendant David C. Wittig had in the Split-Dollar Insurance Policy portion of Item 1 of the Property, and based on the agreement between the United States and Beth G. Wittig, that Beth G. Wittig waives any right, claim title and interest in all portions of Item 1, any legal interest the United States obtained in the Split-Dollar Insurance Policy portion of Item 1 of the Property is transferred and released to Westar Energy, Inc.

IT IS FURTHER ORDERED AND ADJUDGED THAT Item 5 is forfeited to the United States pursuant to the terms of the Settlement Agreement between the United States and Beth G. Wittig, excepting $350,000 of sales proceeds, which the U.S. Marshal's office is ordered to pay to Beth G. Wittig.

IT IS FURTHER ORDERED AND ADJUDGED THAT the government releases any

and all forfeiture interest in Item 6 in accordance with the Settlement Agreement between the United States and Beth G. Wittig.

IT IS FURTHER ORDERED AND ADJUDGED THAT, due to the unavailability of the Split-Dollar Payout and Imputed Income portion of Item 1, Item 3 and Item 4 for one or more of the reasons specified in 21 U.S.C. § 853(p)(1), $7,017,460.00 is forfeited to the United States pursuant to and in accordance with the Settlement Agreement between the United States and Beth G. Wittig, which agreement resolves all claims and rights as to the Substitute Assets identified in the Court's Order Modifying Restraining Orders and Preliminary Orders of Forfeiture.

IT IS FURTHER ORDERED AND ADJUDGED THAT Westar Energy, Inc. and the United States shall hold any of the property which it is granted in this Final Order, or any proceeds thereof, pending the disposition of any appeals of final judgment entered in this case.

IT IS SO ORDERED this 3rd day of April, 2006.

    S/ Julie A. Robinson
Hon. Julie A. Robinson
United States District Judge

Stipulated to, except as to the Court's ruling on the $857,496.06 that Westar transferred to DLA Piper Rudnick Gray Cary LLP which is approved as to form only:

**UNITED STATES OF AMERICA**

By: /s/ Richard L. Hathaway

    Richard L. Hathaway  KS #07767
    Senior Litigation Counsel
    rich.hathaway@usdoj.gov

    Christine E. Kenney   KS #13542
    Assistant United States Attorney
    290 U.S. Courthouse, 444 S.E. Quincy Street
    Topeka, KS 66683-3592
    christine.kenney@usdoj.gov
    Tele:   785-295-2850
    Fax:    785-295-2983

    Mary Katherine Dimke  WA #337865
    Trial Attorney
    Fraud Section, Criminal Division
    Department of Justice
    1400 New York Avenue, N.W.
    Washington, DC  20005
    mary.dimke@usdoj.gov
    Tele:   202-353-4378


**WESTAR ENERGY, INC.**

By:    Rouse Hendricks German May PC

    By:/s/ Jason M . Hans
        Charles W. German        KS #70040
        Kirk T. May                 KS #70362
        Jason M. Hans             KS #18881
        One Petticoat Lane Building
        1010 Walnut Street, Suite 400
        Kansas City, MO 64106
        Tele:   (816) 471-7700
        Fax:    (816) 471-2221
Attorneys for Westar Energy, Inc.

**BETH G. WITTIG**

By: /s/ Preston Burton
Preston Burton        DC #426378 (PHV)
Sydney J. Hoffman
Washington Harbour
3050 K Street, N.W.
Washington, DC 20007-5135
Tel: (202) 339-8426
Fax: (202) 339-8500
Email: pburton@orrick.com
          shoffman@orrick.com


/s/ Jeffrey D. Morris
Jeffrey D. Morris        KS # 16123
BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP
4121 West 83rd Street, Suite 259
Prairie Village, KS 66208
Tel:    (913) 649-7007
Fax:    (913) 649-9399
Email:    jmorris@bowse-law.com

Attorneys for Beth G. Wittig