# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 03-40142-JAR |
| ) | |
| ) | |
| **DAVID C. WITTIG and** ) | |
| **DOUGLAS T. LAKE,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant David Wittig's Motion for Order for Payment of Fees or, in the Alternative, Stay of Criminal Proceedings (Doc. 838). Defendant Wittig requests this Court to exercise its ancillary jurisdiction and order Westar Energy, Inc. ("Westar") to honor its advancement obligation to him on a prospective basis for the upcoming third trial. In the alternative, defendant Wittig asks the Court to enter an order staying the pending criminal proceedings, including the trial currently set for January 14, 2008, until such time as the pending controversy involving Westar's obligation to advance legal fees to defendants is resolved. A hearing was held September 5, 2007, after which the Court took the matter under advisement. After considering the arguments and statements of counsel, as well as their extensive submissions, the Court is prepared to rule. For the reasons set forth in detail below, defendant Wittig's motion is denied.

*Background*

Because it has been before the Court numerous times, the Court will not recount the history of the fee advancement issue in detail. Rather, the Court will recount only those facts necessary to understand the posture of defendant Wittig's instant motion. Initially, the Court approved the government's attempt to restrain Westar from making any payments to defendants' counsel, directing Westar to make any such payments to an escrow account.[1] In light of the Tenth Circuit's reversal of all counts, including final dismissal of the wire fraud and money laundering counts, the Court recently determined that pretrial restraint of legal fees advanced by Westar is no longer justified.[2]

In September 2005, the second trial ended in convictions for both defendants; the jury declined the government's request to forfeit attorneys' fees.[3] In October 2005, Westar filed separate civil actions concerning its obligation to advance legal fees and expenses to defendant Wittig and co-defendant Douglas Lake. The case against defendant Lake was filed in this Court, Case No. 05-4116. As there was no diversity jurisdiction, the case against defendant Wittig was filed in Shawnee County District Court, Case No. 05-C-1267. Highly summarized, in defendant Lake's civil case, the Court granted his motion for partial summary judgment on his counterclaim for breach of contract and ruled that Westar has a mandatory obligation to advance legal fees and expenses for the second trial and appeal as well as prospective advancement for

---

[1](Docs. 110, 452.)

[2](Doc. 836.)

[3](Docs. 534, 535.)

the third trial and beyond until final disposition of the criminal case.[4] The order granted retrospective relief and requires Westar to make immediate payment of 50% of the outstanding requests for advancement of fees for out-of-state counsel, Hughes Hubbard and Wilmer Hale, and payment in full for local counsel, Hite Fanning.[5] The Court held that Westar was obligated to prospectively advance fees for defendant Lake's counsel of choice, including non-local counsel who charged national rates.[6] The Court also established a procedure by which prospective fees and expenses could be submitted to Westar for payment, subject to objection and review by Magistrate Judge O'Hara.[7]

In contrast, in February 2007, the state court action against defendant Wittig was referred to a Special Master, who is considering defendant Wittig's request to adopt this Court's order regarding advancement of fees. Westar has opposed the request. Unlike defendant Lake, defendant Wittig did not counterclaim for breach of contract and the parties asserted at the hearing that only past-due advancement obligations are before the Special Master. Further complicating defendant Wittig's case is his intention to retain both local counsel Berkowitz Oliver Williams Shaw & Eisenbrandt LLP ("Berkowitz Oliver") and non-local counsel Paula Junghans, of Zuckerman Spaeder LLP, as trial counsel. Westar has refused to advance outstanding fees to Berkowitz Oliver for the second trial, despite its charging local rates; those fees amount to approximately $470,000. Westar has informed defendant Wittig's counsel that it

---

[4]Case No. 05-4115, Docs. 82, 100.

[5]*Id.*

[6]*Id.*

[7]*Id.*

3

will advance fees for the third trial at the local rate. At the hearing, it was clarified that Westar has advanced Berkowitz Oliver at its standard rates, and Ms. Junghans at $395 per hour, the amount charged by defendant Lake's local counsel, Blackwell Sanders, although her normal hourly rate is $625 per hour. The Special Master has indicated that he hopes to have a recommendation to the state district court judge by October 2007.

Westar has filed an interlocutory appeal of this Court's order directing advancement of legal fees in defendant Lake's civil case. The Court recently denied Westar's request for a partial stay pending appeal, which sought a stay as to enforcement of past-due advancement obligations.[8] Westar has stated that it will not seek a stay of prospective advancement obligations for the third trial.[9] Counsel for defendant Wittig requested Westar adopt the prospective payment procedure established in defendant Lake's civil case and from which Westar has not requested a stay. Westar declined, indicating this Court's orders only apply to defendant Lake. Accordingly, defendant Wittig requests the Court to address what he deems the inequity created by Westar and purportedly supported by the government.

*Discussion*

    **1.**    **Ancillary Jurisdiction**

The government opposes defendant Wittig's motion, characterizing it as an attempt to circumvent a pending action in Shawnee County District Court. The government also opposes staying the proceedings, as that would result in "irreparable damage" to the government's ability to proceed. Although not a party to the criminal proceedings, counsel for Westar stated its

---

[8]Case No. 05-4116 (Doc. 111.)

[9]*Id.*

4

objection at the September 5 hearing, noting that defendant Wittig had not filed a counterclaim for breach of contract as did co-defendant Lake, which Westar maintains is a compulsory counterclaim.

In support of his motion, defendant cites the case of *United States v. Weissman*,[10] where a criminal court exercised ancillary jurisdiction over defendant's employer who cut off advancement of fees for defendant's appeal. As defendant Wittig concedes, this case is unique and no other court has exercised its ancillary jurisdiction in this manner.[11] Moreover, counsel for defendant was unable to locate any Tenth Circuit authority dealing with this situation "or anything remotely like it." Nevertheless, defendant Wittig urges the Court to exercise ancillary jurisdiction in order to place him in the same position as co-defendant Lake, with a procedure in place for prospective advancement of fees for the third trial. Defendant Wittig also asserts that his case can be distinguished from others declining ancillary jurisdiction in that the issue of advancement rights was placed before the Court by the government as part of its forfeiture allegation, and has been addressed by the Court several times throughout these criminal proceedings. Also, defendant Wittig notes, Westar has been involved in the criminal case as a third party claiming rights to forfeitable property in the ancillary proceedings.

Like defendant, the Court was unable to find any Tenth Circuit law on point. The Court finds two cases issued subsequent to *Weissman* instructive. In *United States v. Polishan*,[12] the

---

[10] Case No. S2 94 CR 760 (CSH), 1997 WL 334966 (S.D.N.Y. June 16, 1997).

[11] *See United States v. Buhler*, 278 F. Supp. 2d 1297 (M.D. Fla. 2003) (declining jurisdiction over fee dispute between defendant and terminated counsel); *Fermin v. Moriarty*, No. 96 Civ. 3022, 2003 WL 21787351, *4-5 (S.D.N.Y. Aug. 4, 2003) (same); (*United States v. Polishan*, 19 F. Supp. 2d 327, 333 (M.D. Pa. 1998) (rejecting rationale of *Weissman* as unpersuasive).

[12] 19 F. Supp. 2d 327 (M.D. Pa. 1998).

district court denied a defendant's request for the court to exercise ancillary jurisdiction and compel defendant's former employer and its insurance company to pay his defense costs pursuant to the employer's bylaws. The court noted that the concept of ancillary jurisdiction has been extended to criminal proceedings, most notably when a party seeks the return of property seized by the government in connection with a pending criminal case.[13] In *Polishan*, although there was no dispute over property in the control of the court, defendant nonetheless insisted there was ancillary jurisdiction over his claims that his employer was obligated to advance his defense funds.[14] The court responded that the fact that the goals of ancillary jurisdiction could be advanced did "not mean that ancillary jurisdiction exists."[15] The court explained,

> In the absence of control over disputed property by a federal court or the presence of the contesting parties to a fee dispute, resort must be made to the other constitutional underpinning for the extension of the federal courts' limited subject matter jurisdiction. As noted by the Third Circuit: [A] court must determine whether it has constitutional power to determine a state-law claim. This 'power' test depends on whether there is a 'common nucleus of operative fact' between the state claim at issue and the accompanying federal claims.[16]

The court went on to observe that the case before it was a criminal case and the allegations of the indictment and defendant's motion for payment of fees do not involve a common nucleus of operative fact.[17] Defendant's motion raised issues relating to his employer's bylaws. Although his conduct while chief financial officer was related to the claims in the

---

[13]*Id*. at 330 (citations omitted).

[14]*Id*.

[15]*Id*. at 332.

[16]*Id*. (citing *United Mine Workers v. Gibbs*, 338 U.S. 715, 725 (1966)).

[17]*Id*.

6

indictment in a peripheral manner, the criminal allegations and the contractual dispute did not arise from a common nucleus of operative fact.[18] Instead, the alleged criminal conduct is separate and distinct from defendant's state law claims against his employer. Under these circumstances, there is no constitutional basis for ancillary jurisdiction.[19] The court noted the *Weissman* decision to the contrary, but rejected it as unpersuasive.[20] Finally, the court noted that the fact that defendant's defense may be impaired by reason of his employer's refusal to pay his fees does not create ancillary jurisdiction.[21] The court explained,

> Polishan's plight is indeed unfortunate, but not uncommon. Inability to afford counsel and experts of one's choice after a criminal case has been pending occurs with some frequency, and yet the cases proceed to conclusion. The fortuity of a potential third-party source for payment of fees here does not justify interrupting the progress of this matter to adjudicate a collateral controversy. Polishan retains the right to seek court-appointed counsel and he also retains his remedies vis-a-vis Reliance. What he does not have is the right to disrupt this criminal proceeding by interjecting a state law breach of contract action. Therefore, Polishan's motion for payment of defense costs will be denied.[22]

The Second Circuit Court of Appeals recently addressed the issue in *Stein v. KPMG, LLP*.[23] In that case, the court issued a writ of mandamus barring the district court from hearing lawsuits filed by 16 indicted former KPMG officers and partners.[24] Defendants claimed their

---

[18]*Id.*

[19]*Id.*

[20]*Id.* at 333.

[21]*Id.*

[22]*Id.* at 333-34.

[23]486 F.3d 753 (2d Cir. 2007).

[24]*Id.* at 755.

7

former employer improperly gave into pressure from the government to cut off the company's promised defense cost reimbursement as a show of cooperation with prosecutors.[25] The ruling arose from a dispute over the constitutionality of the government's enforcement of the so-called "Thompson memorandum," a 2003 directive from the Department of Justice.[26] The memorandum set out guidelines for government prosecutors in deciding whether to charge companies along with their accused employees.[27] One of the nine factors required prosecutors to weigh whether the company continued to pay for the defense of officers who had been indicted.[28] That requirement conflicts with corporations' standard contractual obligations to pay the legal costs of their officers and directors until they have been found guilty.[29] The district court in the criminal case found that the government may have violated the due process clause by pressuring KPMG to deprive its former employees of their right to an adequate defense by prematurely cutting off their defense cost advancement and reimbursement.[30] KPMG appealed the district court's decision that invited the former employees to file petitions asking him to force KMPG to reinstate advancement of their legal fees.[31]

The appeals court issued a writ of mandamus that vacated the district court's order

---

[25] *Id.* at 756.

[26] *Id*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.* at 757.

[31] *Id.*

8

allowing the advancement actions to proceed.[32] After noting that "[t]he boundaries of ancillary jurisdiction are not easily defined,"[33] the court stated that ancillary jurisdiction is intended "to permit disposition of claims that are, in varying respects and degrees, factually interdependent by a single court, and . . . to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."[34] The court noted that the most common exercise of ancillary jurisdiction is to resolve fee disputes between a party and its attorney arising in litigation where the attorney represented the party.[35] The court went on to explain, however, that the

> exercise of ancillary jurisdiction over a fee dispute between a party and an attorney functioning as an officer of the court in litigation over which a court has jurisdiction is, however, a world apart from the exercise of ancillary jurisdiction in a criminal proceeding to adjudicate a contract dispute between the [criminal] defendants and a non-party former employer. . . . [W]hen a non-party to the primary proceeding is sought to be joined as a defendant in the ancillary proceeding, the need for the ancillary proceeding and the efficiencies provided by it must be both sufficiently great to outweigh the prejudice to the non-party and to be consistent with the limited jurisdiction of federal courts.[36]

With respect to the *Weissman* decision, the court noted that the facts were distinguishable in that the issue of the employer refusing to advance expenses arose at a time

---

[32]*Id.* at 763-64.

[33]*Id.* at 760 (quotation omitted).

[34]*Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

[35]*Id.* (citations omitted).

[36]*Id.* at 760-61.

9

when no disposition of the issue could be reasonably obtained in another forum.[37] The court concluded that the prejudice to KPMG was clear, and the need for the ancillary proceeding "entirely speculative."[38] Significantly, the court found that an ancillary proceeding was not necessary to avoid perceived deficiencies in the civil contract actions to enforce the advancement contracts or to remove some barrier to the former officers' bringing of such actions.[39]

The Court finds the reasoning in *Polishan* and *Stein* persuasive. Like the courts in those cases, this Court declines to exercise ancillary jurisdiction over Westar's prospective fee advancement obligation to defendant Wittig. In this case, Wittig has been indicted for criminal acts committed while an officer of Westar. Westar is not a party to the criminal case, although it did enter an appearance in the ancillary forfeiture proceedings. Any advanced fees are no longer subject to the restraining order obtained by the government. The claims defendant Wittig urges the Court to resolve in an ancillary proceeding sound in contract and are presently before the state court in an action pending since October 2005. A Special Master has been appointed and defendant Wittig has urged him to adopt the findings of this Court in co-defendant Lake's civil case. The matter has been briefed and the Special Master has indicated that he intends to submit a report to the district court judge by October 1, 2007. If the Special Master does not fashion any prospective relief, and this Court declines jurisdiction, counsel for defendant Wittig have indicated that they will file an action for breach of contract in state court. If this Court were to exercise ancillary jurisdiction, defendant Wittig would have to file a similar action in federal

---

[37]*Id*. at 761 n.2.

[38]*Id*. at 761.

[39]*Id*.

court.

Unlike the situation in *Weissman*, the fee advancement issue has been at the forefront of the criminal case since its inception, and before the courts in a civil context for almost two years; it did not suddenly arise in an "awkward period in the case."[40] Instead, the issue of advancement of legal fees for defendant Wittig is pending in a forum that has jurisdiction over the parties to the contract dispute and the discreet issues pertaining to the contract. The mere fact that the state court proceedings are not moving as quickly as the federal civil proceedings does not compel this Court's exercise of ancillary jurisdiction. As in *Stein*, the need for ancillary jurisdiction is speculative. Thus, defendant Wittig's motion is denied.

### 2. Stay of Criminal Proceedings

This leaves the matter of defendant's alternative request for stay of the proceedings pending resolution of the fee issue with Westar. Defendant Wittig asserts that forcing existing counsel to withdraw is not the answer, since no lawyer from Kansas or anywhere else is likely to be willing to mount the steep learning curve to undertake the third trial while confronting the "fees embargo" imposed by Westar. At the September 5 hearing, Westar indicated that it had recently advanced fees to Ms. Junghans at the rate of $395 an hour, the rate charged by co-defendant Lake's local counsel Blackwell Sanders, and would continue to do so prospectively for the third trial. Westar is also advancing fees for defendant Wittig's local counsel on a prospective basis, although it has yet to remit any past-due advancement requests. Although there is no state court order compelling Westar to do so, the Court will rely on counsels'

---

[40]*Id*. at 763.

representation at the hearing that Westar will continue to advance fees for the third trial under these conditions.

On September 5, 2007, after announcing its intent to do so at the hearing, Blackwell Sanders entered an appearance on behalf of defendant Lake in these criminal proceedings. Although non-local counsel will assist in the transition, they will not continue on as trial counsel. The Court indicated that it would grant any future motion to continue trial filed by defendant Lake, and that the case would be set for a status conference in several weeks, after new counsel had time to familiarize himself with the case. Accordingly, the Court denies defendant Wittig's motion to stay the criminal proceedings indefinitely, with the view that a trial continuance will serve the same purpose within a definite time frame.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Wittig's Motion for Order for Payment of Fees or, in the Alternative, Stay of Criminal Proceedings (Doc. 838) is DENIED.

IT IS SO ORDERED.

Dated this 12th day of September 2007.

                                          S/ Julie A. Robinson
                                          Julie A. Robinson
                                          United States District Judge